UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **LUIS ALFREDO OLIVO,** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No.** |
| **v.** | § | **2:14-CV-010–AM–CW** |
| | § | |
| **JESUS CASTRO and M.H. CRUCES** | § | |
| **INTERNACIONALES,** | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

Pending before the Court is Defendants' Objections to Subpoena Duces Tecum Contained in Plaintiff's Cross-Notice of Intention to Take the Oral Videotaped Deposition of Dr. Brian L. Sullivan. ECF No. 23. In the filing, Defendants object to Subpoena Duces Tecum Items 3, 5, 6, and 9 on the grounds that the requests exceed the proper scope of discovery regarding testifying expert witnesses.

The Court finds that Defendants have no standing to object. Rule 45 states:

> (B) Objections. A *person* commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises–or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). Thus, only the nonparty, Dr. Sullivan himself, can prevent disclosure by objection. 9 James Wm. Moore et al., *Moore's Federal Practice* § 45.41[1][b] (3d ed. 2012). Accordingly, it is hereby **ORDERED** that Defendants' objections are **OVERRULED**.

**SIGNED** on March 23, 2015.

COLLIS WHITE
UNITED STATES MAGISTRATE JUDGE